**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHOHJAHONMIRZO ABDUMALIKOV,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-7803

Agency No.
A246-917-970

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 2, 2025
Pasadena, California

Before: GOULD, BADE, and LEE, Circuit Judges.

Petitioner Shohjahonmirzo Abdumalikov, a native and citizen of Uzbekistan,

seeks review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of

an immigration judge's (IJ) decision denying his claims for asylum, withholding of

removal, and Convention Against Torture (CAT) protection. He also seeks review

of the BIA's denial of his motion to remand. We review the agency's factual

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

findings and "primarily factual mixed question[s]" "for substantial evidence." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We review the BIA's denial of a motion to remand for abuse of discretion. *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

To be eligible for asylum or withholding of removal, an applicant must establish a nexus between a protected ground and the alleged persecution. 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017) (discussing the nexus standards for asylum and withholding of removal). Petitioner's claims are based on two protected grounds, religion and the proposed particular social group (PSG) "Uzbeks accused of religious extremism related charges." Substantial evidence supports the agency's determination that Petitioner failed to show the requisite nexus between either of these protected grounds and the persecution he experienced or feared.

1. Substantial evidence supports the agency's conclusion that Petitioner's persecutors were motivated by his possession of a "banned book" that was "deemed related to extremism" rather than because of his religion, the Shafi'i school of Sunni Islam. Petitioner testified that much of the interrogation concerned how he obtained the book, the police released him after they learned he received the book as a gift and they were satisfied that he did not have any "radical ideas," and the police did

2                                                    24-7803

not contact him after his release. Petitioner never experienced any issues practicing his religion previously, and his family in Uzbekistan has never been harmed on account of their religion (and his grandfather, who was Shafi'i, once served as a governor).

Petitioner observes that the police accused him of being an Islamic extremist, interrogated him about his religious beliefs, and placed some restrictions on his religious practice.[1] But this countervailing evidence does not compel a conclusion different from the agency's. *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022). The evidence could reasonably be construed as showing that the police were concerned with extremism rather than a particular religion. And though the authorities prohibited Petitioner from joining public prayers, substantial record evidence supports the agency's conclusion that he was not entirely forbidden from practicing his faith. *Cf. Guo v. Sessions*, 897 F.3d 1208, 1213–17 (9th Cir. 2018) (finding nexus with religion where authorities permanently forbade petitioner from attending church and forced him to sign a statement relinquishing his Christian faith).

2.      The agency's conclusion that Petitioner's PSG—"Uzbeks accused of religion extremism related charges"—is not cognizable for lack of social distinction

---

[1] Petitioner asserts that police interrogated him about his religious practices and beliefs and demanded to know whether he prayed in the Shafi'i way. The supporting record cites do not contain this information. Rather, the record states that the police officers accused Petitioner of being an extremist or a radical.

is supported by substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (stating that "whether there is evidence that a specific society recognizes a social group [] is a question of fact we review for substantial evidence"). Petitioner's argument that the BIA erred by failing to explain its decision fails. The BIA, citing the IJ's decision, explained that it affirmed the IJ's decision that Petitioner failed to provide evidence that this PSG is viewed as distinct in Uzbek society. This was sufficient. *See Magana-Magana v. Bondi*, 129 F.4th 557, 573 (9th Cir. 2025).

Petitioner points to evidence that he was questioned about belonging to an extremist group, and that the Uzbek government often targets religious extremism. But this evidence is not sufficient to compel the conclusion that the PSG is socially distinct because it does not demonstrate that "society in general perceives, considers, or recognizes persons sharing the particular characteristic [of the PSG] to be a group." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1082 n.4 (9th Cir. 2014) (citation omitted). Additionally, as the agency noted, "the social group must exist independently of the fact of persecution." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1181 (9th Cir. 2021) (citation omitted).

3.    Substantial evidence also supports the agency's determination that Petitioner did not prove his claim for protection under CAT. To receive CAT protection, "an applicant must show 'it is more likely than not that he or she would

be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)).

Petitioner contends that the agency did not consider evidence of country conditions and that the authorities searched for him after he left Uzbekistan. But the BIA explained that, notwithstanding country conditions, future torture was speculative because authorities released Petitioner after they determined he received the book as a gift, and he was unbothered by authorities during the 12-day period he remained in Uzbekistan after he was discharged from the hospital. *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011) (rejecting torture claim where "claims of possible torture remain speculative"). And even if the record supports Petitioner's fear of arrest upon return because he defied the authorities' directive not to leave Uzbekistan, the potential threat of prosecution upon return to a petitioner's home country alone is not enough. *Park v. Garland*, 72 F.4th 965, 981 (9th Cir. 2023) ("Generally, prosecution and punishment for criminal activity do not constitute torture.").

Petitioner also argues that the BIA applied "an impermissibly heightened standard to show intent of past torturers to torture again." Nothing about the BIA's analysis suggests a heightened standard. The burden of showing likelihood of future torture falls squarely on the petitioner. *See Plancarte Sauceda*, 23 F.4th at 834. Furthermore, evidence of past torture "does not alone establish or even give rise to

a presumption that the applicant will suffer future torture." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022).

4. Finally, the BIA did not abuse its discretion in denying Petitioner's motion to remand based on his father's affidavit. A noncitizen seeking reopening or remand "need only establish a prima facie case for relief." *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 760 (9th Cir. 2023) (quoting *Salim v. Lynch*, 831 F.3d 1133, 1139 (9th Cir. 2016)).

The BIA did not abuse its discretion by concluding that the father's affidavit was insufficient to carry Petitioner's burden of demonstrating a reasonable likelihood of success on his claims. As to nexus, the affidavit's discussion of the religious restrictions placed on his family is largely repetitive of what Petitioner earlier alleged. The affidavit also does not further define the proposed social group or show social distinction. As for the CAT claim, the affidavit shows that the authorities are interested Petitioner's whereabouts and may substantiate Petitioner's fear of being arrested upon return, but that alone is insufficient. *See Park*, 72 F.4th at 981; *cf. Nuru v. Gonzales*, 404 F.3d 1207, 1218-20 (9th Cir. 2005) (holding that petitioner showed sufficient likelihood of future torture in his home country where among other things, after petitioner fled, the government closed petitioner's father's business and forcibly kidnapped his two brothers).

**DENIED.**